

FILED

2010 APR 20  AM 8: 09

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOHIT A. KHANNA and MAK 1 ENTERPRISES GROUP, LLC, FIRST OPPORTUNITIES MANAGEMENT GROUP, INC., SHARANJIT K. KHANNA aka SHARANJIT K. GREWAL, and GUSTAV G. BUJKOVSKY<br><br>　　　　Defendants,<br><br>and<br><br>U.S. COMMODITY FUTURES TRADING COMMISSION and THE PEOPLE OF THE STATE OF CALIFORNIA, by and through the CALIFORNIA CORPORATIONS COMMISSIONER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MOHIT A. KHANNA, an individual, and MAK 1 ENTERPRISES GROUP, LLC, a Nevada limited liability company,<br><br>　　　　Defendants; and<br><br>FIRST OPPORTUNITIES MANAGEMENT GROUP, INC., a Nevada corporation,<br><br>　　　　Relief Defendant | Case Nos. 09cv1783 BEN (WVG); 09cv1784 BEN (WVG)<br><br>**ORDER REAPPOINTING RECEIVER**<br><br>DATE:　　April 19, 2010<br>TIME:　　10:30 a.m.<br>JUDGE:　　Hon. Roger T. Benitez<br>DEPT:　　Courtroom 3 (4th Floor)<br><br>Complaint Filed: August 17, 2009<br>Trial Date:　　Not Set |

61058

1    On April 19, 2010, Receiver Charles G. La Bella, by and through his counsel, applied for

2 reappointment as Receiver in the above-captioned actions.

3    Having reviewed the application and the memorandum of points and authorities in support

4 thereof and for good cause shown,

5    **IT IS HEREBY ORDERED** that Charles G. La Bella is reappointed as Receiver in the

6 above-captioned cases, pursuant to all terms set forth in the following Orders entered by this

7 Court on September 3, 2009 and to which all parties stipulated: *Securities Exchange Commission*

8 *v. Mohit Khanna, et al.,* Case No. 09-cv-1784 (*"SEC v. Khanna"*), Stipulation for Entry of And

9 Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3)

10 Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Requiring

11 Accountings; and (6) Repatriating Funds, ("SEC Order"), attached hereto as Exhibit A; and

12 *Commodity Futures Trading Comm'n, et al. v. Mohit Khanna, et al.,* Case No. 09-cv-1783

13 (*"CFTC v. Khanna"*), Order of Preliminary Injunction ("CFTC Order"), attached hereto as

14 Exhibit B. The SEC Order and the CFTC Order are incorporated by reference in this Order as if

15 fully set forth herein.

16    **IT IS FURTHER ORDERED** that this Order of Reappointment shall restart the ten-

17 day filing deadline set forth in 28 U.S.C. § 754.

18    **IT IS SO ORDERED.**

19

20 Dated: 4/19/2010

_____
HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

**EXHIBIT A**

# EXHIBIT A

FILED

2009 SEP -3  PM 4:37

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1
2
3
4
5
6
7
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11 | SECURITIES AND EXCHANGE         | Case No. 09cv1784 BEN (CAB)
12 | COMMISSION,                     |
   |                                 | STIPULATION FOR ENTRY OF AND
13 |         Plaintiff,              | PRELIMINARY INJUNCTION AND
   |                                 | ORDERS:  (1) FREEZING ASSETS; (2)
14 |     vs.                         | APPOINTING A PERMANENT
   |                                 | RECEIVER; (3) PROHIBITING THE
15 | MOHIT A. KHANNA and MAK 1       | DESTRUCTION OF DOCUMENTS; (4)
   | ENTERPRISES GROUP, LLC,         | GRANTING EXPEDITED
16 |                                 | DISCOVERY; (5) REQUIRING
   |         Defendants,             | ACCOUNTINGS;  AND (6)
17 |                                 | REPATRIATING FUNDS
   |     and                         |
18 |                                 |
   | FIRST OPPORTUNITIES MANAGEMENT  |
19 | GROUP, INC., and SHARANJIT K.   |
   | KHANNA aka SHARANJIT K. GREWAL, |
20 |                                 |
   |         Relief Defendants.      |
21

22
23
24
25
26
27
28

### STIPULATION

Plaintiff Securities and Exchange Commission ("Commission"), Defendant Mohit A. Khanna ("Khanna"), and Relief Defendant Sharanjit K. Khanna ("S. Khanna"), by and through their respective counsel of record, agree and stipulate as follows:

A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.    The Commission filed an *Ex Parte* Application For A Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing A Permanent Receiver; (3) Prohibiting The Destruction Of Documents; (4) Granting Expedited Discovery; (5) Requiring Accountings; (6) Repatriating Funds; And (7) Requiring Mohit Khanna to Surrender Passport; And To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver (the "Application").

C.    On August 18, 2009, the Court granted the Temporary Restraining Order and Orders:  (1) Freezing Assets; (2) Appointing A Permanent Receiver; (3) Prohibiting The Destruction Of Documents; (4) Granting Expedited Discovery; (5) Requiring Accountings; (6) Repatriating Funds; And (7) Requiring Mohit Khanna to Surrender Passport; And To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver.

D.    The Court set a hearing on the Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver for August 31, 2009 at 4:00 p.m. in Courtroom 3.

E.    Khanna, individually, and as an officer and director of Defendant MAK 1 Enterprises Group, LLC ("MAK 1") and its subsidiaries and affiliates, does not oppose the entry of Preliminary Injunction and Orders (1) Freezing Assets; (2) Appointing A Permanent Receiver; (3) Prohibiting The Destruction Of Documents; (4) Granting Expedited Discovery; (5) Requiring Accountings; and (6) Repatriating Funds.

F.    S. Khanna does not oppose the entry of Preliminary Injunction and Orders (1) Freezing Assets; (2) Appointing A Permanent Receiver; (3) Prohibiting The Destruction Of Documents; (4) Granting Expedited Discovery; (5) Requiring Accountings; and (6) Repatriating

09 CV 1784 BEN (CAB)

1   Funds.

2        G.     Without, admitting or denying the allegations in the Commission's Complaint,

3   Khanna and S. Khanna consent to the following order:

### ORDER

### I.

6        IT IS HEREBY ORDERED that the Commission's Application for a Preliminary

7   Injunction and Orders:  (1) Freezing Assets; (2) Appointing A Permanent Receiver; (3)

8   Prohibiting The Destruction Of Documents; (4) Granting Expedited Discovery; (5) Requiring

9   Accountings; (6) Repatriating Funds; And (7) Requiring Khanna to Surrender Passport; And To

10   Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver is

11   GRANTED and finds that this Court has jurisdiction over the parties to, and the subject matter

12   of, this action.

### II.

14        IT IS FURTHER ORDERED that Defendants Khanna and MAK 1 and their officers,

15   agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active

16   concert or participation with any of them who receive actual notice of this Order, by personal

17   service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined

18   from, directly or indirectly, in the absence of any applicable exemption:

19        A.     Unless a registration statement is in effect as to a security, making use of any

20              means or instruments of transportation or communication in interstate commerce

21              or of the mails to sell such security through the use or medium of any prospectus

22              or otherwise;

23        B.     Unless a registration statement is in effect as to a security, carrying or causing to

24              be carried through the mails or in interstate commerce, by any means or

25              instruments of transportation, any such security for the purpose of sale or for

26              delivery after sale; or

27

28

09 CV 1784 BEN (CAB)

C.     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77h;

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

### III.

IT IS FURTHER ORDERED that Defendants Khanna and MAK 1, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A.     employing any device, scheme or artifice to defraud;

B.     obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C.     engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### IV.

IT IS FURTHER ORDERED that Defendants Khanna and MAK 1, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active

09 CV 1784 BEN (CAB)

1  concert or participation with any of them, who receive actual notice of this Order, by personal

2  service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined

3  from, directly or indirectly, in connection with the purchase or sale of any security, by the use of

4  any means or instrumentality of interstate commerce, or of the mails, or of any facility of any

5  national securities exchange:

6       A.     employing any device, scheme or artifice to defraud;

7       B.     making any untrue statement of a material fact or omitting to state a material fact

8             necessary in order to make the statements made, in the light of the circumstances

9             under which they were made, not misleading; or

10      C.     engaging in any act, practice, or course of business which operates or would

11            operate as a fraud or deceit upon any person;

12 in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

13 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

14 **V.**

15     IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants

16 Khanna and MAK 1, and their officers, agents, servants, employees, attorneys, subsidiaries and

17 affiliates, and those persons in active concert or participation with any of them, who receive

18 actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are

19 preliminarily restrained and enjoined from, directly or indirectly:

20      A.     transferring, assigning, selling, hypothecating, changing, wasting, dissipating,

21            converting, concealing, encumbering, or otherwise disposing of, in any manner,

22            any funds, assets, securities, claims, or other real or personal property, wherever

23            located, of Defendants Khanna and MAK 1, or their subsidiaries or affiliates,

24            owned by, controlled by, managed by or in the possession or custody of any of

25            them;

26

27

28

B.     transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of Defendant MAK 1, or any of its subsidiaries or affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Khanna and MAK 1, or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

| Bank Name | Account Name | Account No. (last 4 digits) |
|---|---|---|
| Union Bank of California | MAK 1 Enterprises Group, LLC | 6132 |
| Union Bank of California | MAK 1 Enterprises Group, LLC | 6586 |
| Union Bank of California | MAK 1 Enterprises Group, LLC | 0011 |
| Union Bank of California | MAK 1 Enterprises Group, LLC | 0490 |
| Union Bank of California | MAK 1 Enterprises Group, LLC | 0496 |
| Union Bank of California | 2008 Khanna Family Trust | 8634 |
| Union Bank of California | 2008 Khanna Family Trust | 7893 |
| Union Bank of California | MAK 1 Enterprises Group, LLC | 0326 |
| Union Bank of California | Mohit Khanna | 0865 |
| Union Bank of California | Mohit Khanna | 0970 |
| Union Bank of California | First Opportunities Management Group, LLC | 6655 |

09 CV 1784 BEN (CAB)

| | | |
|---|---|---|
| Union Bank of California | First Opportunities Management Group, LLC | 6353 |
| Union Bank of California | 2005 Khanna Family Trust | 0865 |
| Union Bank of California | 2005 Khanna Family Trust | 3384 |
| Union Bank of California | 2005 Khanna Family Trust | 3376 |
| Union Bank of California | 2005 Khanna Family Trust | 8009 |
| Union Bank of California | 2005 Khanna Family Trust | 8568 |
| Union Bank of California | Mohit Khanna | 3328 |
| Union Bank of California | Trustee for Mischa K. Khanna | 0309 |
| Union Bank of California | Sharanjit Khanna | 0970 |
| Wachovia | 2005 Khanna Family Trust | 7635 |
| Wachovia | 2005 Khanna Family Trust | 7648 |
| Wachovia | MAK 1 Enterprises Group, LLC | 7540 |
| Wachovia | MAK 1 Enterprises Group, LLC | 7553 |
| Wells Fargo Bank | MAK 1 Enterprises Group, LLC | 0247 |
| California Bank & Trust | MAK 1 Enterprises Group, LLC | 0520 |
| Sunrise Bank of San Diego | MAK 1 Enterprises Group, LLC | 1787 |
| Bank of America | MAK 1 Enterprises Group, LLC | 0404 |
| Bank of America | First Opportunities Management Group, LLC | 1871 |

## VII.

IT IS FURTHER ORDERED that Charles LaBella of LaBella & McNamara, LLP is appointed as permanent receiver of MAK 1, and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or

1  control of MAK 1, and its subsidiaries and affiliates, and that such receiver is immediately

2  authorized, empowered and directed:

3      A.    to have access to and to collect and take custody, control, possession, and charge

4          of all funds, assets, collateral, premises (whether owned, leased, occupied, or

5          otherwise controlled), choses in action, books, records, papers and other real or

6          personal property, wherever located, of or managed by MAK 1, and its

7          subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect,

8          receive, and take into possession all such property (including access to and taking

9          custody, control, and possession of all such MAK 1 property, and that of its

10          subsidiaries and affiliates);

11      B.    to have control of, and to be added as the sole authorized signatory for, all

12          accounts of the entities in receivership, including all accounts at any bank, title

13          company, escrow agent, financial institution or brokerage firm (including any

14          futures commission merchant) which has possession, custody or control of any

15          assets or funds of MAK 1, and its subsidiaries and affiliates, or which maintains

16          accounts over which MAK 1, and its subsidiaries and affiliates, and/or any of

17          their employees or agents have signatory authority;

18      C.    to conduct such investigation and discovery as may be necessary to locate and

19          account for all of the assets of or managed by MAK 1, and its subsidiaries and

20          affiliates, and to engage and employ attorneys, accountants and other persons to

21          assist in such investigation and discovery;

22      D.    to take such action as is necessary and appropriate to preserve and take control of

23          and to prevent the dissipation, concealment, or disposition of any assets of or

24          managed by MAK 1, and its subsidiaries and affiliates;

25      E.    to make an accounting, as soon as practicable, to this Court, the Commission, and

26          any interested government agencies, including the Commodity Futures Trading

27

28

1   Commission, of the assets and financial condition of MAK 1, and to file the

2   accounting with the Court and deliver copies thereof to all parties;

3   F.   to make such payments and disbursements from the funds and assets taken into

4   custody, control, and possession or thereafter received by him or her, and to incur,

5   or authorize the making of, such agreements as may be necessary and advisable in

6   discharging his or her duties as permanent receiver;

7   G.   to employ attorneys, accountants, and others to investigate and, where

8   appropriate, to institute, pursue, and prosecute all claims and causes of action of

9   whatever kind and nature on behalf of MAK 1 and its investors which may now

10   or hereafter exist as a result of the activities of present or past employees or

11   agents of MAK 1, and its subsidiaries and affiliates; and

12   H.   to have access to and monitor all mail, electronic mail, and video phone of the

13   entities in receivership in order to review such mail, electronic mail, and video

14   phone which he or she deems relates to their business and the discharging of his

15   or her duties as permanent receiver.

16   **VIII.**

17   IT IS FURTHER ORDERED that Defendants Khanna and MAK 1, their subsidiaries and

18   affiliates, including all of the other entities in receivership, and their officers, agents, servants,

19   employees and attorneys, and any other persons who are in custody, possession or control of any

20   assets, collateral, books, records, papers or other property of or managed by any of the entities in

21   receivership, shall forthwith give access to and control of such property to the permanent

22   receiver.

23   **IX.**

24   IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of

25   MAK 1 and/or Khanna shall take any action or purport to take any action, in the name of or on

26   behalf of MAK 1 without the written consent of the permanent receiver or order of this Court.

27

28

09 CV 1784 BEN (CAB)

**X.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Khanna and MAK 1, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of MAK 1; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of MAK 1, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

**XI.**

IT IS FURTHER ORDERED that Defendants Khanna and MAK 1, and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any

1    manner, directly or indirectly, with the custody, possession, management, or control by the

2    permanent receiver of the funds, assets, collateral, premises, and choses in action described

3    above.

**XII.**

4

5         IT IS FURTHER ORDERED that Defendants Khanna and MAK 1, and their subsidiaries

6    and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in

7    connection with the performance of his or her duties described in this Order, including the costs

8    and expenses of those persons who may be engaged or employed by the permanent receiver to

9    assist him or her in carrying out his or her duties and obligations.  All applications for costs, fees,

10    and expenses for services rendered in connection with the receivership other than routine and

11    necessary business expenses in conducting the receivership, such as salaries, rent, and any and

12    all other reasonable operating expenses, shall be made by application setting forth in reasonable

13    detail the nature of the services and shall be heard by the Court.

**XIII.**

14

15         IT IS FURTHER ORDERED that no bond shall be required in connection with the

16    appointment of the permanent receiver.  Except for an act of gross negligence, the permanent

17    receiver shall not be liable for any loss or damage incurred by any of the Defendants, their

18    officers, agents, servants, employees and attorneys or any other person, by reason of any act

19    performed or omitted to be performed by the permanent receiver in connection with the

20    discharge of his or her duties and responsibilities.

**XIV.**

21

22         IT IS FURTHER ORDERED that representatives of the Commission are authorized to

23    have continuing access to inspect or copy any or all of the corporate books and records and other

24    documents of Khanna and MAK 1 and the other entities in receivership, and continuing access to

25    inspect their funds, property, assets and collateral, wherever located.

26

27

28

11

## XV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Khanna and MAK 1, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Khanna and MAK 1, and their subsidiaries and affiliates.

## XVI.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery be and hereby is granted and that the parties and the permanent receiver may, until December 1, 2009, conduct discovery subject to five calendar days notice pursuant to Rules 30(a), 34, and 45 of the Federal Rules of Civil Procedure including notice given personally, by facsimile or by electronic mail, and the parties and the permanent receiver may take more than ten depositions.

## XVII.

IT IS FURTHER ORDERED that the requirement set forth in this Court's August 18, 2009 Order ("TRO") that Defendant Khanna prepare and deliver to the Commission a detailed and complete schedule of all of his personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number is continued in full force and effect and shall so remain until Khanna provides a full, complete accounting that complies fully with the standards set forth in the TRO, and also delivers to the Commission all books, records, or other documents relating thereto.  The accounting shall include a description of the source(s) of all such assets.

1   Such accounting shall be filed with the Court and a copy shall be delivered to the Commission's

2   Los Angeles Regional Office.  After completion of the accounting, Defendant Khanna shall

3   produce to the Commission's Los Angeles Regional Office, at a time agreeable to the

4   Commission, all books, records and other documents supporting or underlying his accounting.

### XVIII.

6        IT IS FURTHER ORDERED that the requirement set forth in the TRO that Defendants

7   Khanna and MAK 1, and their officers, agents, servants, employees, attorneys, subsidiaries and

8   affiliates, including the other entities in receivership cause to be prepared and delivered to the

9   permanent receiver, a detailed and complete schedule of all desk top computers, laptop

10  computers, cellular phones, and/or personal digital assistants ("PDA") owned and/or used by

11  them in connection with their business, shall continue in full force and effect and shall so remain

12  until they each provide a full, complete schedule that complies fully with the standards set forth

13  in the TRO.  As set forth in the TRO, Defendant Khanna must prepare and deliver to the

14  permanent receiver, a detailed and complete schedule of all desk top computers, laptop

15  computers, cellular phones, and/or PDA's owned, controlled or used by him for any purpose.

16  The schedules required by this section shall include at a minimum the make, model and

17  description of each computer, cellular phone, and/or PDA, along with its location, the name of

18  the person primarily assigned to use the computer, cellular phone, and/or PDA, all passwords

19  necessary to access the computer, cellular phone, and/or PDA, and all passwords necessary to

20  access and use the software contained on the computer, cellular phone, and/or PDA.  The

21  permanent receiver shall be authorized to make an electronic, digital or hard copy of all of the

22  data contained on the computers, cellular phones, and/or PDAs.

### XIX.

24       IT IS FURTHER ORDERED that the requirement in the TRO that Defendants Khanna

25  and MAK 1, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates,

26  including the other entities in receivership cause to be prepared and delivered to the permanent

27  receiver, a detailed and complete schedule of all passwords, usernames, and identification

28

09 CV 1784 BEN (CAB)

1  numbers for all web sites, email accounts, and all accounts at any bank, financial institution or

2  brokerage firm (including any futures commission merchant) operated by or to which MAK 1

3  has access, shall continue in full force and effect unless and until they have each provided a full,

4  complete schedule that complies fully with the standards set forth in the TRO.

XX.

6      IT IS FURTHER ORDERED that the requirement set forth in the TRO that Defendants

7  Khanna and MAK 1 and each of them, transfer to the registry of this Court all assets, funds, and

8  other property held in foreign locations in the name of Khanna and MAK 1, or for the benefit or

9  under the direct or indirect control of any of them, or over which any of them exercise control or

10  signatory authority, shall continue in full force and effect unless and until this Court orders

11  otherwise.

XXI.

13      IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for

14  the purpose of implementing and carrying out the terms of all orders and decrees which may be

15  entered herein and to entertain any suitable application or motion for additional relief within the

16  jurisdiction of this Court.

17      SO AGREED AND STIPULATED BY:

19  Dated September 2, 2009

        John M. McCoy
20      David S. Brown
        Attorneys for Plaintiff
21      Securities and Exchange Commission

23  Dated September 2nd, 2009

        Mohit A. Khanna
24      Defendant, individually, and as an officer and
        director of Defendant MAK 1 Enterprises Group,
25      LLC, and Relief Defendant First Opportunities
        Management Group, Inc.

26

27

28

14

1   numbers for all web sites, email accounts, and all accounts at any bank, financial institution or

2   brokerage firm (including any futures commission merchant) operated by or to which MAK 1

3   has access, shall continue in full force and effect unless and until they have each provided a full,

4   complete schedule that complies fully with the standards set forth in the TRO.

5                                      **XX.**

6        IT IS FURTHER ORDERED that the requirement set forth in the TRO that Defendants

7   Khanna and MAK 1 and each of them, transfer to the registry of this Court all assets, funds, and

8   other property held in foreign locations in the name of Khanna and MAK 1, or for the benefit or

9   under the direct or indirect control of any of them, or over which any of them exercise control or

10   signatory authority, shall continue in full force and effect unless and until this Court orders

11   otherwise.

12                                     **XXI.**

13        IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for

14   the purpose of implementing and carrying out the terms of all orders and decrees which may be

15   entered herein and to entertain any suitable application or motion for additional relief within the

16   jurisdiction of this Court.

17        SO AGREED AND STIPULATED BY:

18

19   Dated September __, 2009

20                                    John M. McCoy
                                      David S. Brown
21                                    Attorneys for Plaintiff
                                      Securities and Exchange Commission

22

23   Dated September 2nd, 2009        _____
                                      Mohit A. Khanna
24                                    Defendant, individually, and as an officer and
                                      director of Defendant MAK 1 Enterprises Group,
25                                    LLC, and Relief Defendant First Opportunities
                                      Management Group, Inc.

26

27

28

                                        14                      09 CV 1784 BEN (CAB)

1

2

3    Dated September **2**, 2009

4                                                        Thomas A. Zaccaro
                                                         Morgan J. Miller
5                                                        Paul Hastings LLP
                                                         Attorneys for Defendant Mohit A. Khanna
6

7    Dated September ___, 2009

8                                                        Nicolas Morgan
                                                         DLA Piper LLP
9                                                        Attorneys for Relief Defendant Sharanjit K. Khanna

10           IT IS SO ORDERED.

11

12

13   Dated September ___, 2009

14                                                       HONORABLE ROGER T. BENITEZ
                                                         UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   Dated September __, 2009

3                                              _____
                                               Thomas A. Zaccaro
4                                              Morgan J. Miller
                                               Paul Hastings LLP
                                               Attorneys for Defendant Mohit A. Khanna
5

6   Dated September 2, 2009                    _____
                                               Nicolas Morgan
7                                              DLA Piper LLP
                                               Attorneys for Relief Defendant Sharanjit K. Khanna
8

9        IT IS SO ORDERED.

10

11

12  Dated September __, 2009                   _____
                                               HONORABLE ROGER T. BENITEZ
13                                             UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3   Dated September __, 2009

4                                        _____
                                         Thomas A. Zaccaro
                                         Morgan J. Miller
5                                        Paul Hastings LLP
                                         Attorneys for Defendant Mohit A. Khanna

6

7   Dated September __, 2009

8                                        _____
                                         Nicolas Morgan
                                         DLA Piper LLP
9                                        Attorneys for Relief Defendant Sharanjit K. Khanna

10
           IT IS SO ORDERED.
11

12

13   Dated September 3, 2009

14                                       _____
                                         HONORABLE ROGER T. BENITEZ
                                         UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

FILED

2009 SEP -3  PM 4: 35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE PEOPLE OF THE STATE OF CALIFORNIA, by and through the CALIFORNIA CORPORATIONS COMMISSIONER, ) ) ) ) ) ) | Case No. 09-cv-01783-BEN-CAB |
| Plaintiffs, ) ) ) | ORDER OF PRELIMINARY INJUNCTION |
| vs. ) ) | |
| MOHIT A. KHANNA, an individual, and MAK 1 ENTERPRISES GROUP, LLC, a Nevada limited liability company, ) ) ) ) ) | |
| Defendants; and ) ) | |
| FIRST OPPORTUNITIES MANAGEMENT GROUP, INC., a Nevada corporation, ) ) ) | |
| Relief Defendant. ) | |

Plaintiffs U.S. Commodity Futures Trading Commission ("Commission") and the People of the State of California, by and through the California Corporations Commissioner ("Commissioner"), and defendant Mohit A. Khanna ("Khanna"), by and through their respective counsel of record, agree and stipulate as follows:

A.     This Court has jurisdiction over the parties to, and the subject matter of, this action.  Further, venue is proper in this Court.

Order of Preliminary Injunction Case No.  09-cv-01783-BEN-CAB

B.     The Commission filed an *Ex Parte* Application for a Statutory Restraining Order and other Ancillary Relief (the "Application").

C.     On August 18, 2009, the Court granted the Statutory Restraining Order.

D.     The Court set a hearing on the Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver for August 31, 2009 at 4:00 p.m. in Courtroom 3.

E.     Khanna, individually, and as an officer and director of defendant MAK 1 Enterprises Group, LLC ("MAK 1") and its subsidiaries and affiliates, does not oppose the entry of Preliminary Injunction.

F.     Without admitting or denying the allegations in the Commission and Commissioner's Complaint, Khanna, individually and on behalf of MAK 1, consents to the following order:

I.

**ORDER OF PRELIMINARY INJUNCTION**

**IT IS HEREBY ORDERED** that:

1.     Defendants Khanna and MAK 1 ("Defendants"), all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly in or in connection with an offer to enter into, the entry into, the confirmation of, the execution of, or the maintenance of commodity futures transactions, cheating, defrauding, or deceiving, or attempting to cheat, defraud, or deceive, other persons, by making false, deceptive, or misleading representations and omissions

Order of Preliminary Injunction Case No.  09-cv-01783-BEN-CAB

of material facts in solicitations of investors, in violation of Section 4b(a)(2)(A)-(C) of the

Commodity Exchange Act as amended by the Food, Conservation, and Energy Act of 2008, Pub.

L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), § 13102, 122 Stat. 1651

(enacted June 18, 2008), to be codifced at 7 U.S.C. §§ 6b(a)(2)(A)-(C), and California

Corporations Code Sections 29520, 29536.

## II.

## STATUTORY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that

2.      The Statutory Restraining Order, dated August 18, 2009, is incorporated herein by

reference and shall remain in full force and effect until further order of this Court.

## III.

## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED that:**

3.      Charles LaBella of LaBella & McNamara, LLP is appointed the receiver

("Receiver") for Defendants, and all of their funds, properties, premises, accounts, and other

assets directly or indirectly owned, beneficially or otherwise, by either of them with the full

powers of an equity Receiver. The Receiver shall be the agent of this Court in acting as Receiver

under this Order.

4.      The Receiver is ordered to accomplish the following:

A.      Assume full control of the estate of Defendants by removing any person,
employee, or agent of Defendants from control and management of the
affairs of Defendants;

B.      Take exclusive custody, control, and possession of all the funds, property,
mail and other assets of, in the possession of, or under the control of either

Order of Preliminary Injunction Case No.  09-cv-01783-BEN-CAB

1

2          Defendants, wherever situated. The Receiver shall have full power to sue
3          for, collect, receive and take possession of all goods, chattels, rights,
           credits, moneys, effects, land, leases, books, records, work papers, and
4          records of accounts, including computer-maintained information, and
           other papers and documents of Defendants, including documents related to
5          customers or clients whose interests are now held by or under the
6          direction, possession, custody or control of Defendants. The Receiver
           shall have discretion to determine that certain personal property or other
7          assets of Defendants shall be under the Receiver's control, but shall
           remain in the possession or custody of Defendants;

8
9     C.   Take all steps necessary to secure the business premises of Defendants and
           any and all other premises under the control of Defendants;
10
11    D.   Preserve, hold and manage all receivership assets, and perform all acts
           necessary to preserve the value of those assets, in order to prevent any
12         loss, damage or injury to customers or clients;

13    E.   Prevent the withdrawal or misapplication of funds entrusted to
           Defendants, and otherwise protect the interests of customers or clients;
14
15    F.   Manage and administer the estate of Defendants by performing all acts
           incidental thereto that the receiver deems appropriate, including hiring or
16         dismissing any and all personnel or suspending operations;

17    G.   Collect all money owed to Defendants;

18    H.   Initiate, defend, compromise, adjust, intervene in, dispose of, or become a
           party to any actions or proceedings in state, federal or foreign court
19         necessary to preserve or increase the assets of Defendants or to carry out
           his or her duties pursuant to this Order, including but not limited to
20         bringing lawsuits on behalf of MAK 1, its investors and creditors;

21    I.   Choose, engage and employ attorneys, accountants, appraisers, and other
22         independent contractors and technical specialists, as the Receiver deems
           advisable or necessary in the performance of duties and responsibilities
23         under the authority granted by this Order;

24    J.   Issue subpoenas to obtain documents and records pertaining to the
25         receivership, and conduct discovery in this action on behalf of the
           receivership estate;
26
27    K.   Open one or more bank accounts as designated depositories for funds of
           Defendants. The Receiver shall deposit all funds of Defendants' estate in

Order of Preliminary Injunction Case No.  09-cv-01783-BEN-CAB

1

2          such designated accounts and shall make all payments and disbursements
3          from the receivership estate from such accounts;

4     L.   Make payments and disbursements from the receivership estate that are
5          necessary or advisable for carrying out the directions of, or exercising the
           authority granted by, this Order.  The Receiver shall apply to the Court for
6          prior approval of any payment of any debt or obligation incurred by
           Defendants prior to the date of entry of this Order, except for payments
7          that the Receiver deems necessary or advisable to secure assets of
8          Defendants;

9     M.   Take control of any internet sites operated by Defendants or for
           Defendants' benefit; and
10

11    N.   Liquidate any assets of Defendants' estate which may depreciate during
           the course of this litigation, and hold the proceeds of such liquidation until
12         further order of this Court.

13   5.    The Receiver shall have authority to accomplish the following:

14    A.   Determine that certain personal property or other assets of Defendants'
           estate shall be under the Receiver's control, but shall remain in the
15         possession or custody of Defendants;

16    B.   Initiate, defend, compromise, adjust, intervene in, dispose of, or become a
17         party to any actions or proceedings in state, federal or foreign court
           necessary to preserve or increase the assets of Defendants or to carry out
18         the Receiver's duties pursuant to this Order, including but not limited to
19         bringing lawsuits on behalf of MAK 1, its investors and creditors;

20    C.   Choose, engage, and employ attorneys, accountants, appraisers, and other
           independent contractors and technical specialists, as the Receiver deems
21         advisable or necessary in the performance of duties and responsibilities
           under the authority granted by this Order; and
22

23    D.   Issue subpoenas to obtain documents and records pertaining to the
           receivership, and conduct discovery in this action on behalf of the
24         receivership estate.

25   6.    Immediately upon service of this Order upon Defendants, their officers, agents,

26   servants, employees, and attorneys, and those persons in active concert or participation with

27   them, and any other person or entity served with a copy of this Order, shall immediately or

Order of Preliminary Injunction Case No.  09-cv-01783-BEN-CAB

within such time as permitted by the Receiver in writing, deliver over to the Receiver:

    A.   Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of Defendants;

    B.   Possession and custody of documents of Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

    C.   Possession and custody of all funds and other assets belonging to members of the public now held by Defendants;

    D.   All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of Defendants, including, but not limited to, access to the business premises of Defendants, telephone systems, voicemail, telephone answering devices, computer systems, computer software, or other property; and

    E.   Information identifying the accounts, employees, properties, or other assets or obligations of Defendants.

    7.   Defendants shall provide reasonable cooperation with and assistance to the Receiver, subject to legal privileges and immunities. The cooperation and assistance of Defendants shall include, but not be limited to, transferring funds at the receiver's direction, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to Defendants that all debts should be paid directly to the Receiver.

    8.   Except by leave of this Court, during the pendency of the receivership ordered herein, Defendants and all other persons and entities in active concert or participation with them, shall be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of, Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but

Order of Preliminary Injunction Case No.  09-cv-01783-BEN-CAB

not limited to, the following actions:

    A.    Commencing, prosecuting, litigating, or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

    B.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Defendants or any property claimed by Defendants, or attempting to foreclose, forfeit, alter, or terminate any interests of Defendants in property, whether such acts are part of a judicial proceeding or otherwise;

    C.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendants, or the Receiver, or any agent of the Receiver; and

    D.    Doing any act or thing to interfere with the Receiver taking control, possession, or management of the property subject to the receivership; to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Defendants.

This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's civil, criminal, police, statutory, or regulatory power.

    9.    The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by Defendants. The Receiver shall make reports to the Court upon Order of the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than 60 days after the date of this Order and, thereafter, every 90 days.

Order of Preliminary Injunction Case No. 09-cv-01783-BEN-CAB

The requests for compensation shall itemize the time and specific nature of services rendered by the Receiver and all personnel hired by the Receiver. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of this Court. The CFTC shall have the opportunity to review and to object to each such request for compensation.

10. Each firm, corporation, partnership, association, or other person or entity with notice which holds or which is a depository of funds, securities, assets, or other property of Defendants is prohibited, until further order of this Court, from transferring, withdrawing, removing, or disposing of any such funds, securities, assets, or other property except for the purpose of transferring such assets to the custody, control, and possession of the Receiver in accordance with this Court's Statutory Restraining Order.

11. Defendants shall notify the Commission within three days of any changes of their residential or business addresses pending resolution of this matter.

## IV.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that:

12. Copies of this Order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or assets of Defendants or that may be subject to any provision of this Order, and additionally, that representatives of the Commission, are specially appointed by the Court to effect service.

## V.

## FORCE AND EFFECT

Order of Preliminary Injunction Case No. 09-cv-01783-BEN-CAB

1

2

3       14.    This Order shall remain in full force and effect until further order of this Court,

4   and this Court retains jurisdiction of this matter for all purposes.

5   SO AGREED AND STIPULATED BY:

6

7   Dated September 3, 2009

8                                              Katherine S. Driscoll
                                               James H. Holl, III
9                                              Attorneys for Plaintiff
                                               U.S. Commodity Futures Trading Commission
10

11  Dated September 3, 2009

12                                             Joyce Tsai
                                               Attorney for Plaintiff
13                                             California Corporations Commissioner

14  Dated September __, 2009

15                                             Mohit A. Khanna
                                               Defendant, individually, and as an officer and
16                                             director of Defendant MAK 1 Enterprises Group,
                                               LLC, and Relief Defendant First Opportunities
17                                             Management Group, Inc.

18

19  Dated September __, 2009

20                                             Thomas A. Zaccaro
                                               Morgan J. Miller
21                                             Paul Hastings LLP
                                               Attorneys for Defendant Mohit A. Khanna

22          SO ORDERED, at San Diego, California on this ____ day of _____ 2009.

23

24  UNITED STATES DISTRICT JUDGE

25

26

27

Order of Preliminary Injunction Case No.  09-cv-01783-BEN-CAB

14.    This Order shall remain in full force and effect until further order of this Court, and this Court retains jurisdiction of this matter for all purposes.

SO AGREED AND STIPULATED BY:

Dated September 3, 2009

Katherine S. Driscoll
James H. Holl, III
Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission

Dated September 3, 2009

Joyce Tsai
Attorney for Plaintiff
California Corporations Commissioner

Dated September 3, 2009

Mohit A. Khanna
Defendant, individually, and as an officer and director of Defendant MAK 1 Enterprises Group, LLC, and Relief Defendant First Opportunities Management Group, Inc.

Dated September 3, 2009

Thomas A. Zaccaro
Morgan J. Miller
Paul Hastings LLP
Attorneys for Defendant Mohit A. Khanna

SO ORDERED, at San Diego, California on this 5 day of Sept. 2009.

UNITED STATES DISTRICT JUDGE

Order of Preliminary Injunction Case No.  09-cv-01783-BEN-CAB