FILED

11 MAR -1 AM 9:58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION and THE PEOPLE OF THE STATE OF CALIFORNIA, by and through the CALIFORNIA CORPORATIONS COMMISSIONER,<br><br>          Plaintiffs,<br>vs.<br><br>MOHIT A. KHANNA, an individual, and MAK 1 ENTERPRISES GROUP, LLC, a Nevada limited liability company,<br><br>          Defendants,<br><br>FIRST OPPORTUNITIES MANAGEMENT GROUP, INC., a Nevada corporation,<br><br>          Relief Defendant.<br><br>and<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br>     v.<br><br>MOHIT A. KHANNA and MAK 1 ENTERPRISES GROUP, LLC,<br><br>          Defendants,<br>and<br><br>FIRST OPPORTUNIITES MANAGEMENT GROUP, INC., and SHARANJIT K. KHANNA aka SHARANJIT K. GREWAL,<br><br>          Relief Defendants. | CASE NO. 09CV1783 BEN (WVG) |

- 1 -

## INTRODUCTION

The Receiver's Motion for Further Proceedings Under the Court's June 21, 2010 Order to Show Cause as to Attorney Phillip Greer is before the Court. (Dkt. Nos. 95 (09cv1783), 169 (09cv1784).) In response to a motion by the Receiver for an order to show cause against Phillip Greer and Jim Nored, this Court issued an order against Greer and Nored, requiring them: (1) to stop prosecution of a state court case in violation of this Court's Orders; (2) provide an explanation for their misrepresentations to the state court; and (3) cooperate with the Receiver concerning others individuals with relevant assets. Additionally, Greer was ordered to show cause why he should not be required to pay the Receiver's costs and fees in bringing the motion as a sanction for his violations of the Court's Orders. Greer has responded and the Receiver now moves for $5,512.65 as a sanction for Greer's violations of the Court's Orders.

## BACKGROUND

Greer filed a state court action, on behalf of his client Jim Nored, against Mak 1, Mohit Khanna, and First Opportunities Management Group on August 11, 2009. On August 17, 2009, the cases before this Court were filed and on August 18, 2009, this Court issued temporary and statutory restraining orders freezing all Mak 1, Khanna, and First Opportunities assets, staying all pending litigation against them, and appointing the Receiver. Greer received notice of these Orders on August 26, 2009. These Orders continue under preliminary injunctions with notice to Greer.

On November 6, 2009, Greer filed ex parte motions in the *Nored* action seeking new writs of attachment without notifying the state court about this Court's receivership, asset freeze, and stay. Additionally, Greer filed an unsigned declaration in the *Nored* action claiming that he met the notice requirement for his ex parte applications by speaking with a "David Merit" and represented to the state court that Merit was the authorized agent and representative of all Defendants in the action, including Mak1, Khanna, and First Opportunities.

On November 11, 2009, Greer wrote the Receiver, claiming his writs of attachment were superior to any Receiver claims on Mak 1 and Khanna assets. The Receiver responded with this Court's Orders and reiterated that all Mak 1/Khanna assets had to be placed in the Receivership. On November 23, 2009, the state court denied Greer's ex parte applications, in part, because Greer's

declaration in support of his application was unsigned and he did not explain how Merit was the proper person to give notice to.

On March 30, 2010 Greer filed a First Amended Complaint in the *Nored* action still naming Mak 1, Khanna, and First Opportunities Management, but adding other defendants. Greer then filed an ex parte motion in the *Nored* action to have a receiver appointed over assets derived from Mak 1 funds. When this conduct eventually came to the Receiver's attention, the Receiver notified Greer that his actions violated this Court's Orders. Greer did not cease and the Receiver moved for an order to show cause why Greer should not be found in civil contempt for his continuing violations. Greer responded that the Receiver was doing a bad job. The Court ordered him to cease violating the Court's Orders, as noted above, and show cause why he should not be sanctioned for his contempt. Greer responded that he did not believe he was violating the Court's Orders because he was seeking assets from independent third parties. The Receiver now seeks imposition of a sanction in the amount of the Receivership's costs and fees in moving to curb Greer's violations.

## DISCUSSION

"If a person disobeys a specific and definite court order, he may properly be adjudged in contempt." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). The party's intent when disobeying the order does not matter and the contempt need not be willful." *Id.* "[A] party can escape contempt by demonstrating that he is unable to comply." *Id.* And as to the Receiver specifically, "[n]o rule is better settled than that, when a court has appointed a receiver, his possession is the possession of the court, for the benefit of the parties to the suit and all concerned, and cannot be disturbed without the leave of the court, and that if any person, without leave, intentionally interferes with such possession, he necessarily commits a contempt of court, and is liable to punishment therefor." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 552 (6th Cir. 2006) (quoting *In re Tyler*, 149 U.S. 164, 182 (1893)).

"The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

The Receiver has shown by clear and convincing evidence that Greer violated a specific and definite order of the Court. The Court's statutory restraining order specifically restrained, enjoined, and stayed "customers, clients, pool participants, investors, members, . . . creditors, claimants, . . . and all persons acting on behalf of any such [person] . . . including . . . their respective attorneys . . . from . . . taking any action to establish or enforce any claim, right, or interest for, [or] against . . . Defendants or Relief Defendants [or] receivership assets." (Court's August 18, 2009 Statutory Restraining Order in Case No. 09cv1783 BEN (WVG), § IV, ¶ 32.) Similarly, the Court's temporary restraining order, continued as a preliminary injunction, restrained and enjoined any client or investor or persons acting on their behalf from "commencing, prosecuting, continuing or enforcing any suit or proceeding against Khanna, Mak 1, or their subsidiaries or affiliates." (Court's August 18, 2009 Temporary Restraining Order in Case No. 09cv1784, § X.) Greer received notice of these Orders as early as August 26, 2009 and received subsequent notices on at least three more occasions. Despite this Court's litigation stay and asset freeze, Greer pursued state-court litigation against entities subject to the stay and asset freeze after having received notice of the Court's Orders. Greer sought writs of attachment against entities subject to the stay and asset freeze and even pursued appointment of a competing receiver in state court. Additionally, in seeking appointment of a competing state-court receiver, Greer represented to that Court that David Merrit was the authorized representative of Mak 1, Khanna, and First Opportunities when he knew that this Court's Orders designated the Receiver as the representative of each.

Greer has had two opportunities to respond to the Receiver's allegations of contempt and failed to demonstrate his inability to comply. Greer asserts only two grounds in opposition to a finding of contempt. First, he simply criticizes the Receiver's efforts to recover assets. This position is devoid of any merit. Even if there were some merit to Greer's unsupported assertion that the Receiver is doing a poor job, Greer may not violate a court's order on that basis.

Second, Greer asserts that he did not think he was violating the Court's Orders because he claims he was pursuing independent third parties. Greer provides no support for this assertion. Greer pursued entities subject to this Court's litigation stay and assets subject to the Court's asset freeze despite numerous warnings from the Receiver that he was in violation of this Court's Orders.

Additionally, the Court notes that Greer never sought relief from the Court's Orders. While the Court understands Greer's desire to recover assets for his client, that does not justify defiance of a Court order intended to protect the interests of *all* victims. *See Liberte Capital Group*, 462 F.3d at 551 ("The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving final, equitable distribution of the assets as necessary.") There is no "'good faith' exception to the requirement of obedience to a court order." *In re Crystal Palace*, 817 F.2d at 1365. Accordingly, the Court finds Greer in civil contempt of the Court's Orders.

The Receiver seeks imposition of a $5,512.65 sanction against Greer in compensation to the Receivership for the costs and fees incurred in bringing these motions. Sanctions for civil contempt may be imposed to coerce compliance with the Court's Orders or "to compensate the complainant for losses sustained." *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *In re Crystal Palace*, 817 F.2d at 1366 ("a sanction for 'civil contempt is characterized by the court's desire to . . . compensate the contemnor's adversary for the injuries which result from the noncompliance.'"). The fine, in compensation to the moving party, "must . . . be based upon evidence of complainant's actual loss." *United Mine Workers of America*, 330 U.S. at 304. In this case, the Receiver seeks only compensation for the costs and fees of enforcing Greer's compliance with this Court's Orders. The Receiver has specifically identified, by declaration, the costs and fees associated with this motion as $5,512.65. Accordingly, the Court sanctions Greer $5,512.65 to be paid to the Receivership within 60 days.

## CONCLUSION

The Court finds attorney Phillip Greer in civil contempt for violation of the Court's Orders and sanctions Greer $5,512.65 payable to the Receivership. The Clerk of Court shall mail a copy of this Order to Phillip Greer, Esq., at 1300 Bristol Street North, Suite 100, Newport Beach, California, 92660.

IT IS SO ORDERED.

DATED: 2/28/2011

Hon. Roger T. Benitez
United States District Judge